**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GJONGGI PANJAITAN; RISMA PANJAITAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71768 <br><br> Agency Nos. A079-195-348 <br> A079-195-349 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Gjonggi Panjaitan and Risma Panjaitan, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review petitioners' asylum contentions related to the one-year filing requirement, including their due process contention, because they failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We do not address petitioners' remaining contentions regarding asylum because these claims were not addressed by the BIA, *see Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (this court's review is limited to grounds relied upon by the BIA), and petitioners do not argue the BIA erred, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying petitioners' motion to reconsider their withholding of removal claim in light of this court's disfavored group cases because petitioners did not demonstrate sufficient individualized risk to show that it is more likely than not they would be persecuted in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n applicant for withholding of removal will need to

adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant").

Further, we decline to consider the 2010 religious freedom report petitioners reference in their opening brief because our review is limited to the administrative record underlying the agency's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). Finally, we reject petitioners' requests that the court reconsider its stance regarding a pattern or practice of persecution or require the agency to revisit the issue in light of the 2010 religious freedom report.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**